MENZ BONNER & KOMAR LLP
By: David A. Koenigsberg (DK-7553)
Two Grand Central Tower
140 East 45th Street, 20th
New York, New York 10017
Tel. (212) 223-2100
*Attorneys for Plaintiff Thomas A. McKinney*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------x
MICHAEL MORALES,                                        :
                                                        :
                   Plaintiff,         :      05 CIV. 9459 (LAK) (JCF)
                                                        :
          - against -              :
                                                        :      **COMPLAINT**
910 W.E.A. REALTY LLC,                                  :
                                                        :
                   Defendant.          :      **JURY TRIAL DEMANDED**
x------------------------------------------------x

         MICHAEL MORALES, by his attorneys MENZ BONNER & KOMAR

LLP, hereby alleges as follows:

**NATURE OF ACTION**

         1.       This is an action under the Fair Labor Standards Act of 1938, as

amended  ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

         2.       This action also arises under the Labor Laws of the State of New

York.

**PARTIES**

         2.       Michael Morales ("Morales") is an individual resident of Queens,

New York and at all relevant times has been and continues to be employed as a doorman

at 910 West End Avenue, New York, New York, a rental apartment building.  At all

relevant times, Morales was an employee of defendant within the meaning of the FLSA,

29 U.S.C. §§ 203(e)(1) and 207(a), the New York Labor Law § 190(2) and the New York

Labor Regulations, 12 N.Y.C.C.R.R. § 142-2.14.

      3.    The building located at 910 West End Avenue, New York, New

York is owned and operated by defendant 910 W.E.A. Realty LLC, a limited liability

company organized and existing under the laws of the State of New York with offices

located at 145 Huguenot Street, Room 503, New Rochelle, New York 10801.   At all

relevant times, defendant 910 W.E.A. Realty LLC was and continues to be an employer

within the meaning of the FLSA, 29 U.S.C. § 203(d) and the New York Labor Law

§ 190(3).

## JURISDICTION AND VENUE

      4.    This Court has jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 because this action arises under the laws of the United States, 29 U.S.C. § 216.

This Court has supplemental jurisdiction over the claims arising under state law pursuant

to 28 U.S.C. § 1367 because the state claims are related sufficiently to plaintiff's federal

claims such that the state law claims are part of the same case or controversy.

      5.    Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391(b) and 29 U.S.C. § 216, because the defendant resides in the Southern

District of New York and the breaches of law alleged in this case occurred in the

Southern District of New York.

## FACTUAL BACKGROUND

      6.    Since before 1999 through and including the date of this

complaint, Mr. Morales has been continuously employed by defendant 910 W.E.A.

Realty LLC as a doorman at the building located at 910 West End Avenue, working the midnight shift from 12:00 A.M. until 8:00 A.M., at least five days per week.

7.      Since at least 1999 and in each year since, Mr. Morales has regularly worked beyond his midnight shift, including but not limited to filling in for other doormen on their shifts, and logged in excess of forty (40) hours per week.  On numerous occasions defendant 910 W.E.A. Realty LLC did not pay Mr. Morales overtime at the rate of one and one-half the regular straight time rate for all hours worked in excess of forty (40) hours per week.

8.      In addition to defendant's failure to pay Mr. Morales overtime at the rate of one and one-half the regular straight time rate, defendant has also failed to pay Mr. Morales other wages earned and owing to Mr. Morales.

9.      Mr. Morales is a member of the Service Employees International Union, Local 32BJ ("SEIU").  Defendant is a party to a collective bargaining agreement with the SEIU that provides in relevant part that any employee who works eight (8) hours in one day and is required to work at least four (4) hours of overtime in that day shall be given a $15.00 meal allowance.  Despite the fact that Mr. Morales often worked more than twelve (12) hours on the same day, he was not given a $15.00 meal allowance for any such days.

10.     Under the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, an employee shall receive an extra one hour's pay in addition to the regular wage for any day in which the spread of hours worked by the employee exceeds ten (10) hours. 12 N.Y.C.C.R.R. § 142-2.4(a).  The spread of hours is the interval between the beginning and end of an employee's workday.

12 N.Y.C.C.R.R. § 142-2.18.  Despite the fact that the spread of hours worked by Mr.

Morales often exceeded ten (10) hours in any one day, Mr. Morales did not receive an

extra one hour's pay in addition to his regular wage for any such days.

## FIRST CAUSE OF ACTION
### (Violations of Fair Labor Standards Act)

11.    Plaintiff repeats and realleges the facts alleged in paragraphs 1

through 10 as if fully set forth herein.

12.    From at least 1999 through 2005 and in each year during that

period and continuing, Mr. Morales regularly worked more than forty (40) hours per

week for which he was not paid at the overtime rate of one and one-half times the regular

straight time rate.

13.    At all times relevant herein, defendant failed and/or refused to pay

wages that were due to Mr. Morales at the overtime rate of one and one-half times the

regular straight time rate for services rendered to defendant in excess of forty (40) hours

per week.

14.    Defendant's failure  and/or refusal to pay Mr. Morales for overtime

for  services rendered to defendant in excess of forty (40) hours per week was willful.

15.    By such actions, defendant has violated the FLSA, 29 U.S.C.

§ 207(a).

16.    By such actions, Mr. Morales is entitled to be paid for all hours

he has worked over forty hours per week during the two-year period prior to the date of

the filing of this action at a rate of one and one-half times the regular straight time rate.

17.     In addition, Plaintiff is entitled to be paid liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to his unpaid overtime pay, plus attorneys fees and costs.

## SECOND CAUSE OF ACTION
**(Willful Violations of Fair Labor Standards Act)**

18.     Plaintiff repeats and realleges the facts alleged in paragraphs 1 through 17 as if fully set forth herein.

19.     On numerous occasions, Plaintiff complained about defendant's failure to pay him his overtime hours at a rate of one and one-half times the regular straight time rate.

20.     Defendant willfully failed and refused to pay plaintiff for his overtime hours at a rate of one and one-half times the regular straight time rate.

21.     As a result of defendant's willful failure and refusal to pay Mr. Morales his proper overtime pay, plaintiff is entitled to be paid for all hours worked over forty hours per week during the three-year period prior to the filing of this action and continuing, at a rate of one and one-half times the regular straight time rate.

22.     In addition, Plaintiff is entitled to be paid liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to his unpaid overtime pay, plus attorney's fees and costs.

## THIRD CAUSE OF ACTION
**(Violations of New York Labor Law §§ 650 & 656
and N.Y.C.C.R.R. § 142-2.2)**

23.     Plaintiff repeats and realleges the facts alleged in paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant's willful failure and refusal to pay Mr. Morales at the overtime rate of one and one-half times the regular straight time rate for all hours worked in excess of forty (40) hours per week during the six (6) year period prior to the filing of this action violated and continues to violate New York Labor Law §§ 650 and 656, the Minimum Wage Act of the State of New York, and N.Y.C.C.R.R. § 142-2.2, the Miscellaneous Wage Order.

26.     As a result of the foregoing, plaintiff has been denied wages and benefits and has incurred damages thereby in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(New York Labor Law § 198(1-a)**
**For Non-Payment of Wages and Benefits)**

27.     Plaintiff repeats and realleges the facts alleged in paragraphs 1 through 26 as if fully set forth herein.

28.     Defendant has failed to pay to Mr. Morales wages and benefits within the meaning of New York Labor  Law § 190(1) because defendant did not pay Mr. Morales (a) wages at the overtime rate of one and one-half times the regular straight time rate for all hours worked in excess of eight (8) hours in any one day or in excess of forty (40) hours in any one week, (b) the $15.00 meal allowance pursuant to the collective bargaining agreement and (c) for an extra hour worked when the shift spread exceeded ten (10) hours in any one day pursuant to 12 N.Y.C.C.R.R. § 142.2.4(a).

29.     As a result of the foregoing, plaintiff has been denied wages and benefits and has incurred damages thereby in an amount to be determined at trial.

.       30.     As the result of defendant's willful failure to pay wages and benefits, defendant is liable for liquidated damages in the amount of 25% of unpaid

wages and benefits and costs and attorney's fees pursuant to New York Labor Law §§ 198(1) and 198(1-a).

**PRAYER FOR RELIEF**

Plaintiff Michael Morales hereby demands that this Court enter judgment in his favor and against defendant 910 W.E.A. Realty LLC awarding the following:

A.    With respect to the First Cause of Action under the Fair Labor Standards Act:

1.    For all overtime hours worked in excess of forty hours per week during the two year period prior to the filing of this complaint and continuing, in an amount to be determined at trial;

2.    For liquidated damages equal to the unpaid overtime wages;

3.    For pre-judgment interest; and

4.    For the costs of this action and attorney's fees pursuant to 29 U.S.C. § 216.

B.    With respect to the Second Cause of Action under the Fair Labor Standards Act:

1.    For all overtime hours worked in excess of forty hours per week during the three year period prior to the filing of this complaint and continuing, in an amount to be determined at trial;

2.    For liquidated damages equal to the unpaid overtime wages;

3.    For pre-judgment interest; and

        4.     For the costs of this action and attorney's fees pursuant to 29 U.S.C. § 216.

        C.     With respect to the Third and Fourth Causes of Action under New York's Labor Law and regulations:

        1.     For overtime wages worked in excess of a forty (40) hour workweek;

        2.     For one hour of wages for each day on which plaintiff worked 10 hours or more;

        3.     For $15.00 for each day on which plaintiff worked 12 hours or more;

        4.     Pre-judgment interest;

        5.     Liquidated damages;

        6.     For the costs of this action and attorney's fees under New York Labor Law § 198(1) and (1-a); and

        D.     For such other and further relief as may be deemed just and proper by the Court.

/

/

/

/

/

/

/

## JURY DEMAND

Plaintiff hereby demands trial by jury of any issue triable by a jury.

Dated:         New York, New York
               November 8, 2005

                                        MENZ BONNER & KOMAR LLP


                                 By:    /s/ *David A. Koenigsberg*
                                        David A.  Koenigsberg (DK-7553)

                                 Two Grand Central Tower
                                 140 East 45th Street, 20th Floor
                                 New York, New York 10017
                                 Tel.:  (212) 223-2100

                                 *Attorneys for Plaintiff Michael Morales*